FERRELL v. PRAME et al.

(Circuit Court of Appeals, Sixth Circuit. November 8, 1916.)

No. 2828.

1. APPEAL AND ERROR ☞1097(1)—DECREE—LAW OF CASE.
   Where the original decree in a suit applies to the facts, it becomes the law of the case on subsequent litigation.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4358, 4359, 4363, 4427; Dec. Dig. ☞1097(1).]

2. EVIDENCE ☞597—FINDINGS—SUSPICION.
   A finding of fact cannot be based on a mere suspicion.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2449; Dec. Dig. ☞597.]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; John H. Clarke, Judge.

Bill by Albert T. Ferrell against Frank J. Prame and others. From a decree dismissing the bill, complainant appeals. Affirmed.

Wm. Howell, of Cleveland, Ohio, for appellant.

G. O. Willett, of Cleveland, Ohio, and W. J. Geer, of Galion, Ohio, for appellees.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. This case is here for the third time. The general facts sufficiently appear from the reports in 166 Fed. 702, 92 C. C. A. 374, and 206 Fed. 278, 124 C. C. A. 342. Pursuant to our last mandate, the District Court heard further testimony for both parties, by deposition and in open court, and, upon consideration thereof, dismissed the bill.

We think the decree must be affirmed and the litigation ended. Upon the last hearing, we refrained from deciding two questions that were presented, viz.: (1) Whether the patents which Prame had taken out were so affected by the situation of the business to which they were incidental that when Prame was compelled to discontinue that business he had no right to sell and the new company had no right to buy and use these patents; (2) whether the efforts which the new company made to get the benefit of successorship to Prame's old business were unlawful.

[1] In these respects, the rights of the parties are measured by the original decree, and not by rules which might otherwise have been applicable. We do not construe the terms of this decree as extending beyond the acts of Prame and his agents, nor do we find substantial violation of the decree in either of the respects mentioned. Since the facts are peculiar, and the terms of the decree apply to these facts, a detailed discussion of them is unnecessary.

[2] Upon the meritorious question whether the defendants are good-faith purchasers from Prame, or whether they or some of them are continuing to hold his interests as dummies for him, the proofs do not overcome the burden which rests on appellant. The aspects of the case which gave the most serious trouble on the former appeal have been explained by testimony which there is no sufficient ground for rejecting. The sum of the whole matter is that, as to some of the transactions, suspicion persists; but this is not enough.

The decree is affirmed.